OPINION OF THE COURT
Harold Hyman, J.
There has been presented to this court an order judicially permitting the compromising, by settlement, of an infant’s cause of action for alleged medical malpractice. The application comes within the purview of CPLR article 12 (CPLR 1207, 1208), which mandates prior court approval.
The procedure is not new, but the application herein indicates certain matters which require the court to make the following observations, important to the Bar at large, in coming to its ultimate conclusion.
That upon the presentation to it of such an application the court owes a duty to the infant who is, without question, a ward of the court until the action is finally disposed of.
In the present matter the guardian father of the infant petition stated that:
“(a) The infant is 4 years of age.
“(b) The action arose out of the negligence and malpractice of the defendants on or about August 9,1975 at defen *1058 dont hospital with respect to the pre-natal care, delivery and care following birth rendered by defendants; and
“(c) As a result of said malpractice the infant sustained certain injuries.” (Emphasis added.)
In describing said injuries, which are horrendous in nature, it appears that the infant is multihandicapped, mentally retarded, spastic, convulsive, and with severe brain damage; all allegedly resulting from defendants’ malpractice.
The amount offered in settlement and which the guardian father seeks to have this court approve is $7,500. The amount of expenses thus far for medical care and treatment alone amounts to $15,493.25.
As is required by CPLR 1208 (subd [b]), the attorney for the guardian father is required to submit his affidavit in support of the application. He has done so, but to what extent?
CPLR 1208 (subd [b], par 1) requires the attorney to set forth “his reasons for recommending the settlement”. But what does it state? It states, “I recommend the approval of the proposed settlement because, in my opinion, the offer is fair and reasonable”. A mere conclusory statement, without facts to substantiate same; such is not intended by the statute. There must be more than such mere conclusion, particularly in the instant matter.
The attorney’s affirmation further states that he was retained on or about October 17, 1979; that upon being retained his firm “conducted an extensive investigation into the facts and circumstances”, and, that “Action was commenced by the necessary pleadings”, extensive negotiations were undertaken resulting with the offer of settlement; his firm expended $119.44.
Having been retained, having “conducted an extensive investigation into the facts and circumstances”, and thereafter having commenced this action, such statements can only lead the court to one conclusion, that is, that said attorneys had obtained an impartial opinion from a physician, a specialist in the field of medicine, who was of the firm opinion that there was a viable cause of action for malpractice for which a fair and compensatory recovery for *1059 this seriously and permanently injured and sorely handicapped infant could and should be sought.
It cannot now be contended that said attorney’s independent investigation indicates lack of cause. If otherwise, then why was the action commenced? The attorneys herein are persons well known in the field of negligence and medical malpractice. Their reputation for knowledge and ability in said field is highly regarded. But, here, they present the court with an application so volatile, so lacking in information, so out of line with what the compensatory damage could possibly be recovered that it leads to a lack of comprehension thereof by the court.
If the infant had no case, then none should have been brought. If the infant, from an independent investigation has a case, then the case should be pursued to completion, or at least a viably fair compensatory amount in settlement. This court does not believe the amount of $7,500 offered in settlement herein, held out by a mere conclusatory statement, to be “fair and reasonable”, can be or is acceptable “in the interest of justice.” The amount suggested by the application is a mere pittance under present circumstances, not even reaching the medical charges incurred. The value of the compensatory damages based upon the stated injuries, where a viable action was found to exist, far exceeds the offer herein. The amount of the present offer ($7,500) could not begin to even pay six months of the infant’s needs or necessities which will be recurrent possibly for many years to come.
This decision has become an absolute necessity in order to enlighten the Bar and public at large that the bringing of an action for an infant resulting from negligence or, as in this case for medical malpractice, is no mere perfunctory matter, it must be based upon a full and complete investigation and upon an independent knowledgeable medical opinion. If such be the case, when the action is brought, any settlement where an infant is involved must be a fair and fully knowledgeable one, and fully detailed as such in any compromise application to the court. The court is not a mere ministerial division of government, it is the one to whom and upon whom the public relies for impartial justice and fairness and, therefore, the mere use of the *1060 statutory terminology of allegedly being “fair and reasonable” cannot be conclusorily stated without supportive information or proof upon which such conclusion is based. The application herein is denied.